

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**REYCE ANDRE LEVON COLLINS,**

    Plaintiff,

v.                                        Civil Action No. **3:25CV19**

**SGT. SAMPSON D. McCARGO,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Reyce Andre Levon Collins, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983.[1] The action is proceeding on Collins's Amended Complaint. (ECF No. 26.) Collins names the following individuals as defendants: Sgt. Sampson D. McCargo and Assistant Warden Jackson.[2] Collins contends that he is entitled to relief on the following grounds:

| | |
|---|---|
| Claim One | Defendant McCargo violated Collins's rights under the Eighth Amendment by using excessive force against his person. (ECF No. 26 ¶ 55.) |
| Claim Two | Defendant Jackson violated Collins's rights under the Eighth Amendment by "failing to correct" McCargo's misconduct or "conduct[] a fair and impartial investigation." (*Id.* ¶ 56.) |

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court corrects the spelling, punctuation, and capitalization in the quotations from the parties' submissions. The Court corrects the spelling of Defendant McCargo's name.

Defendant Jackson has filed a Motion to Dismiss Claim Two. (ECF No. 32.) Collins has responded. (ECF No. 36.) For the reasons set forth below, the Motion to Dismiss will be GRANTED.

## I. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Pertinent Allegations

On July 16, 2024, Collins was transferred by bus from Green Rock Correctional Center to River North Correctional Center. (ECF No. 26 ¶ 6.) At some point during a break on that trip, Sgt. McCargo grabbed Levon "by his neck, lift[ed] him off of his feet, and then slam[med] him onto the ground . . . while the Plaintiff was locked and confined with iron leg shackles and wrist restraints." (*Id.* ¶ 14.) Sgt. McCargo slammed Collins on "razor wire located at the bottom of the security fence." (*Id.* ¶ 15.) Sgt. McCargo continued to strangle Collins while he was on the ground. (*Id.* ¶ 16.)

After the assault had concluded, Collins was approached by Assistant Warden Jackson, who inquired what had happened. (*Id.* ¶ 22.) When Assistant Warden Jackson noticed Collins's injuries, he escorted Collins inside the Nottoway Correctional Center to receive medical attention. (*Id.* ¶¶ 24, 25.) After Collins received medical attention, Assistant Warden Jackson informed

Collins "that there would be an investigation in regards to the assault, and that somebody would be in contact with" Collins. (*Id.* ¶¶ 31–32.) Nevertheless, in the ensuing months, no investigation was conducted. (*Id.* ¶¶ 43–45.)

### III. Analysis

In Claim Two, Collins contends that Assistant Warden Jackson violated his rights under the Eighth Amendment by failing to conduct an investigation into Sgt. McCargo's use of excessive force against his person. To allege an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (citation omitted). To demonstrate such extreme deprivation, Collins "must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Id.* at 634 (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).[3]

Collins's failure to conduct a subsequent investigation fails to satisfy either component of an Eighth Amendment claim. Furthermore, numerous courts have concluded that the failure to investigate a complaint or grievance fails to state a claim of constitutional dimension. *See, e.g., Charles v. Nance*, 186 F. App'x. 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation" (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005))); *Sweat v. Rennick*, No. 9:11–2908–JMC–BM, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) (citations omitted) (explaining that "[p]laintiff's complaint that this [d]efendant has not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."). Accordingly, Claim Two will be DISMISSED.

---

[3] Collins has not alleged any facts that suggest that Defendant Jackson was present during the assault or had any reason to anticipate that Defendant McCargo would assault him.

## IV. Conclusion

The Motion to Dismiss, (ECF No. 32), will be GRANTED. Claim Two will be DISMISSED. Defendant McCargo's Motion for Referral for Mediation (ECF No. 41) will be GRANTED. The action will be REFERRED to the Honorable Mark R. Colombell to conduct a settlement conference.

An appropriate Order will accompany this Memorandum Opinion.

Date: 27 October 2025
Richmond, Virginia

/s/ John A. Gibney, Jr.
Senior United States District Judge